UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

SHENGSHEN XIA, et al.,

Plaintiffs,

-against-

NEW YORK CITY DEPARTMENT OF EDUCATION, et al.,

Defendants.

26-CV-08003 (JAV)

AMEDED ORDER GRANTING LIMITED SCOPE PRO BONO COUNSEL

JEANNETTE A. VARGAS, United States District Judge:

On September 14, 2026, Plaintiff Shengshen Xia ("Plaintiff"), who is appearing *pro se* and *in forma pauperis*, initiated this action under the McKinney-Vento Homeless Assistance Act against the New York City Department of Education, Mandy Friedland Tan, and Jessica Onobie. Currently pending before the Court is an emergency motion for a temporary restraining order and preliminary injunction ("TRO and PI Motion"). ECF No. 4. Additionally, Plaintiff, the father of J.X. and Y.X. ("Minor Plaintiffs"), filed a Motion for Court Requested Pro Bono Counsel for Minor Plaintiffs. ECF No. 6. For the reasons discussed below, the Court directs the Clerk of Court to seek pro bono counsel for the limited purpose of appearing on the behalf of Minor Plaintiffs in a hearing on Plaintiffs' TRO and PI Motion scheduled for October 8, 2026, at 3:00pm, in Courtroom 11B, Daniel Patrick Moynihan United States Courthouse, 500 Pearl Street, New York, New York 10007. If located, selected counsel will file a Notice of Appearance of Pro Bono Counsel.

## LEGAL STANDARD

The *in forma pauperis* statute provides that the courts "may request an attorney to represent any person unable to afford counsel." 28 U.S.C. § 1915(e)(1). Unlike in criminal cases,

in civil cases, there is no requirement that courts supply indigent litigants with counsel. *Hodge v. Police Officers*, 802 F.2d 58, 60 (2d Cir. 1986). Instead, the courts have "broad discretion" when deciding whether to seek *pro bono* representation for a civil litigant. *Id.* Even if a court does believe that a litigant should have a free lawyer, under the *in forma pauperis* statute, a court has no authority to "appoint" counsel, but instead, may only "request" that an attorney volunteer to represent a litigant. *Mallard v. U.S. Dist. Court for the S. Dist. of Iowa*, 490 U.S. 296, 301–310 (1989). Moreover, courts do not have funds to pay counsel in civil matters. Courts must therefore request the services of *pro bono* counsel sparingly, and with reference to public benefit, in order to preserve the "precious commodity" of volunteer-lawyer time for those litigants whose causes are truly deserving. *Cooper v. A. Sargenti Co., Inc.*, 877 F.2d 170, 172-73 (2d Cir. 1989).

In *Hodge*, the Second Circuit Court of Appeals set forth the factors a court should consider in deciding whether to grant a litigant's request for *pro bono* counsel. 802 F.2d at 61-62. Of course, the litigant must first demonstrate that he or she is indigent, for example, by successfully applying for leave to proceed *in forma pauperis*. The court must then consider whether the litigant's claim "seems likely to be of substance" – "a requirement that must be taken seriously." *Id.* at 60–61. If these threshold requirements are met, the court must next consider such factors as:

> the indigent's ability to investigate the crucial facts, whether conflicting evidence implicating the need for cross-examination will be the major proof presented to the fact finder, the indigent's ability to present the case, the complexity of the legal issues[,] and any special reason in that case why appointment of counsel would be more likely to lead to a just determination.

*Id.*; *see also Cooper*, 877 F.2d at 172 (listing factors courts should consider, including litigant's efforts to obtain counsel). In considering these factors, district courts should neither apply bright-line rules nor automatically deny the request for counsel until the application has survived a

dispositive motion. *See Hendricks v. Coughlin*, 114 F.3d 390, 392-93 (2d Cir. 1997). Rather, each application must be decided on its own facts. *See Hodge*, 802 F.2d at 61.

**DISCUSSION**

Plaintiff filed a Request to Proceed *in Forma Pauperis* (IFP), which the Court granted. ECF No. 9. Plaintiff therefore qualifies as indigent.

Plaintiff, proceeding *pro se* solely in his individual capacity, alleges that his family is homeless within the meaning of the McKinney-Vento Homeless Assistance Act, 42 U.S.C. § 11301, et seq., but that his children have been denied the protections of that statute. Specifically, the Complaint alleges that Plaintiff sought to enroll Y.X., the younger Minor Plaintiff, in a Pre-K program at PS 184M. ECF No. 1, ¶¶ 27-28. DOE disputed Y.X.'s eligibility for protection under the McKinney-Vento provisions and refused Y.X. immediate enrollment in the school. Id., ¶¶ 36-39.

On September 14, 2026, Plaintiff filed an emergency motion for a temporary restraining order and preliminary injunction under Fed. R. Civ. P. 65 for immediate relief to enforce the McKinney-Vento dispute pendency rule, 42 U.S.C. §11432(g)(3)(E)(i). ECF No. 4.

The Court finds that Plaintiff's claim is "likely to be of substance." *Hodge*, 802 F.2d at 61-62. Moreover, Plaintiff, who is not an attorney, "cannot bring an action *pro se* in federal court on behalf of ... [his] child." *Tindall v. Poultney High Sch. Dist.*, 414 F.3d 281, 284 (2d Cir. 2005). Minors "are entitled to trained legal assistance so their rights may be fully protected" and nonlawyer parents are not trained to represent competently the interests of their children. *Cheung v. Youth Orchestra Found. of Buffalo, Inc.*, 906 F.2d 59, 61 (2d Cir. 1990). Without counsel, the claims of Plaintiff's minor children cannot proceed.

The Court finds that the other *Hodge* factors also weigh in favor of granting Plaintiff's application, to pursue the claims of Plaintiff's children. Counsel will be necessary to appear on

the behalf of Minor Plaintiffs at the hearing on the TRO and PI Motion. In this case, representation would "lead to a quicker and more just result by sharpening the issues and shaping examination." *Hodge*, 802 F.2d at 61.

Pro bono counsel will not be obligated for any aspect of Plaintiff's representation beyond the matters described in this order.

Under the Court's Standing Order regarding the Creation and Administration of the Pro Bono Fund (16-MC-0078), pro bono counsel may apply to the Court for reimbursement of certain out-of-pocket expenses spent in furtherance of Plaintiff's case. The Pro Bono Fund is especially intended for attorneys for whom pro bono service is a financial hardship. *See* https://nysd.uscourts.gov/forms/pro-bono-fund-order.

Upon the filing by pro bono counsel of a Notice of Completion, the representation by pro bono counsel of Plaintiff in this matter will terminate, and pro bono counsel will have no further obligations or responsibilities to Plaintiff or to the Court in this matter.

**CONCLUSION**

For the foregoing reasons, Plaintiff's Application for the Court to Request Counsel is granted to the extent counsel is sought for the Minor Plaintiffs. The Court advises Plaintiff that the process for securing pro bono representation can be lengthy. The Court circulates pending cases to the bar at regular intervals, after which an attorney must review the case and obtain necessary clearances before contacting the Plaintiff to discuss representation. For all these reasons, some time may pass before a litigant is contacted by an attorney. The Court requests that the Plaintiff respond promptly to any outreach by a volunteer lawyer seeking to discuss possible pro bono representation. As the Court relies on volunteers, there is no guarantee that a volunteer attorney will decide to take the case or that, should the services of the volunteer be declined, the

court will locate another. In either instance, Plaintiff should be prepared to proceed with the case on his own behalf *pro se*.

SO ORDERED.

Dated: September 22, 2026
New York, New York

JEANNETTE A. VARGAS
United States District Judge