UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| SHENGSHEN XIA, et al.,<br><br>Plaintiffs,<br><br>-v-<br><br>NEW YORK CITY DEPARTMENT OF EDUCATION, et al.,<br><br>Defendants. | 26-CV-08003 (JAV)<br><br>ORDER |

JEANNETTE A. VARGAS, United States District Judge:

On October 30, 2026, Plaintiff Y.X., through counsel, filed a notice of interlocutory appeal of the Court's order (at ECF No. 45), denying Plaintiffs' motion for a preliminary injunction. ECF No. 47. That same day, Y.X. filed a motion pursuant to Federal Rule of Civil Procedure 62(d) seeking "(1) an order granting an injunction pending appeal of the Court's October 27 order, Dkt. No. 45, or, alternatively, an injunction pending the Second Circuit's resolution of a motion by Y.X. for an injunction pending appeal." ECF No. 49.

For substantially the same reasons stated on the record at the preliminary injunction hearing on October 27, 2026, the Court DENIES Plaintiff's motion for an injunction pending appeal. "Courts consider four factors in determining whether to grant a stay or injunction pending appeal: '(1) whether the movant will suffer irreparable injury absent the injunction, (2) whether a party will suffer substantial injury if the injunction is issued, (3) whether the movant has demonstrated a substantial possibility, although less than a likelihood, of success on appeal, and (4) the public interests that may be affected.'" *Cnty. of Rockland v. Metro. Transportation Auth.*, No. 24-CV-2285 (CS), 2025 WL 100901, at *1 (S.D.N.Y. Jan. 14, 2025) (citations omitted). Irreparable harm and likelihood of success are the "two most critical factors." *Id.*

(citations omitted).

"When a district court has denied a motion for a preliminary injunction that would change the status quo pending a decision on the merits, it is highly unlikely that it will then grant that same injunction pending appeal of the denial." *Frey v. Nigrelli*, No. 21-CV-05334 (NSR), 2023 WL 2929389, at *3 (S.D.N.Y. Apr. 13, 2023) (citation omitted). In denying the preliminary injunction motion, the Court held that the dispute-pendency provision of the McKinney Vento Act, 42 U.S.C. § 11432(g)(3)(E)(i), does not confer a right enforceable through 42 U.S.C. § 1983. *See Medina v. Planned Parenthood S. Atl.*, 606 U.S. 357, 368-69 (2025). In support of its motion for an injunction pending appeal, Plaintiff contends that the Second Circuit "may well agree with Y.X. and with the majority of district courts to have considered the question" that Section 11432(g)(3)(E)(i) can be enforced through a private cause of action, and refers the Court to its brief in support of his original preliminary injunction motion. ECF No. 50 at 2. Yet the Court has already considered and rejected this argument after applying controlling Supreme Court precedent. Accordingly, plaintiff's motion and supporting submissions do not alter the Court's conclusions in either respect.

Additionally, the Court finds that Plaintiff has not met his burden of establishing irreparable harm pending appeal. For the current school year, Plaintiff Y.X. remains enrolled in his first-place pre-K program at the Early Childhood Center at University Settlement ("ECC"), which was the school he attended in the 2025-26 school year. *See* ECF No. 19-1, ¶¶ 3-4, 10. He thus remains at his school of origin, within the meaning of the McKinney Vento Act, while this appeal is pending. *See* 42 U.S.C. § 11432(g)(3)(I)(i) (defining "school of origin" as "the school that a child or youth attended when permanently housed or the school in which the child or youth was last enrolled, including a preschool").

The Clerk of Court is directed to terminate the motion at ECF No. 49.

SO ORDERED.

Dated: November 2, 2026
New York, New York

JEANNETTE A. VARGAS
United States District Judge